IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| FERNANDO GONZALEZ, § | |
| Petitioner, § | |
| § | |
| VS. § | Civil Action No. 4:15-CV-399-O |
| § | |
| RODNEY W. CHANDLER, Warden, § | |
| FCI-FORT WORTH, § | |
| Respondent. § | |

**OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner, Fernando Gonzalez, a federal prisoner confined in the Federal Correctional Institution in Fort Worth (FCI-Fort Worth), against Rodney W. Chandler, Warden of FCI-Fort Worth, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed for lack of jurisdiction.

**I. BACKGROUND**

Petitioner is serving a 292-month term of imprisonment as a career-offender on his 2010 conviction for possession with intent to distribute a quantity in excess of 50 grams of methamphetamine out of the United States District Court for the Southern District of Texas. Resp't's App. 1, ECF No. 8. In this § 2241 petition, petitioner raises one claim in which he asserts that he is actually innocent of being a career offender pursuant to U.S.S.G. § 4B1.1(a)(2) because his prior conviction for escape, which was merely a "walkaway," is not a crime of violence and was improperly used for enhancement. Pet. 5, ECF No. 1; Pet'r's Mem. 5, ECF No. 2. He requests the Court "resentence him to time served." Pet'r's Mem. 1, ECF No. 2.

## II. DISCUSSION

A habeas petition under § 2241 is generally used to challenge the manner in which a sentence is executed and a § 2255 motion is the primary means under which a federal prisoner may collaterally attack the legality of a conviction or sentence. *See Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). A § 2241 petition attacking a federal conviction or sentence may only be considered if the petitioner establishes that the remedy under § 2255 is inadequate or ineffective. *Tolliver v. Dobre,* 211 F.3d 876, 877 (5th Cir. 2000). In order to meet this burden, a petitioner must satisfy the so-called "savings clause" under § 2255(e) by showing that (1) the petition raises a claim that is based on a retroactively applicable Supreme Court decision, (2) the claim was foreclosed by circuit law at the time when it should have been raised in the petitioner's trial, appeal, or first § 2255 motion, and (3) that retroactively applicable decision establishes that the petitioner may have been convicted of a nonexistent offense. *Garland v.* Roy, 615 F.3d 391, 394 (5th Cir. 2010); *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

Although Petitioner conclusively states that he "squarely" meets all three factors, his argument fails. Petitioner raised the instant claim in his first § 2255 motion, to no avail, relying primarily on the Supreme Court cases in *Begay v. United States*, 553 U.S. 137 (2008), and *Chambers v. United States,* 555 U.S. 122 (2009), both of which were decided before his conviction and sentence. Mot. & Order, U.S. v. Gonzalez, No. 5:09-CR-806-1 (S.D.Tex. July 5 & July 11, 2011), ECF Nos. 47-47. Thus, the sentencing court has already considered Petitioner's claim, which he simply recasts in a § 2241 petition, and determined he is not entitled to relief. Relief is not available in a § 2241 petition under the savings clause based on grounds previously denied in a § 2255 motion. *Kinder v. Purdy,* 222 F.3d 209, 214 (5th Cir. 2000), *cert. denied,* 531 U.S. 1132 (2001). Moreover,

innocence of a sentence enhancement is not the same as actual innocence of the underlying criminal offense. *Id.* at 213. Because Petitioner cannot invoke the savings clause of § 2255 as to the claim presented in this § 2241 habeas proceeding, the Court is without jurisdiction to consider the petition. *See Christopher v. Miles*, 342 F.3d 378, 385 (5th Cir. 2003).

### III. CONCLUSION

Because Petitioner may not assert the claim raised *via* a § 2241 petition, the petition should be dismissed for lack of jurisdiction. For the reasons discussed herein, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DISMISSED** for lack of jurisdiction. Further, for the reasons discussed herein, a certificate of appealability is denied.

**SO ORDERED** on this 22nd day of October, 2015.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE